United States District Court
Southern District of Texas
**ENTERED**
January 03, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 4:21-mj-02706-1 |
| ERIC ALEXANDER MARTINEZ, | § § § | |
| *Defendant.* | § § § | |

## ORDER

On December 27, 2021, Defendant appeared before Judge Andrew Edison for his initial appearance. The Government moved to detain him pending trial, which was set for a detention hearing on January 4, 2022. Defendant was remanded to custody of the U.S. Marshals and transported to the Federal Detention Center ("FDC") for temporary detention pending the hearing. Once at FDC, Defendant tested positive for COVID-19 and has been placed in quarantine for at least 10 days. His lawyer cannot contact him. Since he is in quarantine, he will not be present before the Court for his scheduled detention hearing. The issue before the Court is whether it can proceed with the detention hearing without Defendant's presence. The Court concludes that it cannot.

Defendant has a right to a detention hearing in which he is given the

"opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f). The hearing shall be held immediately and no more than five days after the initial hearing on Defendant's request, unless there is good cause for further delay. *Id.*

Federal Rule of Criminal Procedure 43(a) does not require the Defendant's presence at the detention hearing. Fed. R. Crim P. 43(a). *See United States v. Buck*, 609 F. Supp. 713, 717 n.2 (S.D.N.Y. 1985) ("It appears, however, that defendant's absence from a pretrial detention hearing may not, in any case, constitute an abridgement of her rights.") (citing *United States v. Zuccaro*, 645 F.2d 104, 106 (2d Cir. 1981) ("The setting of additional conditions of bail [at second bail hearing] is neither a stage of the trial nor any of the other proceedings at which Fed. R. Crim. P. 43 requires the presence of the defendant"), cert. denied, 454 U.S. 823 (1981)). Although the defendant's presence may not be required, the court can move forward with the detention hearing in the defendant's absence only if he voluntarily and knowingly chooses not to be present. *United States v. Donovan*, No. 1:2021-cr-173-89288 (M.D.N.C. Aug. 16, 2021) (docket sheet text order).

In this case, the Defendant is in quarantine at the FDC. Since he did not test positive until after he left the courtroom, he did not have the opportunity to discuss with his court appointed counsel whether the detention hearing should go forward

without his attendance. New counsel was retained and made an appearance only today. Because of the quarantine, counsel has been unable to communicate with the Defendant. The Court finds that, under these circumstances, Defendant has not knowingly and voluntarily chosen to be absent from the scheduled detention hearing. Thus, there is good cause to delay the hearing until Defendant is no longer under quarantine, can confer with his counsel, and attend the hearing.

Accordingly, it is **ORDERED** that the detention hearing scheduled for January 4, 2022, at 11:00 a.m. is **VACATED**. A status conference will be held on January 11, 2022, at 11:00 a.m. before Judge Edison to determine the schedule for the detention hearing based on the information available at that time.

SIGNED on January 3, 2022.

Dena Palermo
_____
Dena Hanovice Palermo
United States Magistrate Judge